**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FRANYER FERNANDEZ SIRA,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| Field Office Director of Enforcement and | § | |
| Removal Operations, El Paso Field Office, | § | |
| Immigration and Customs Enforcement; | § | **EP-25-CV-00666-DCG** |
| **MARKWAYNE MULLIN,** | § | |
| Secretary of the United States Department of | § | |
| Homeland Security; *and* | § | |
| **TODD BLANCHE,** | § | |
| Acting Attorney General of the United | § | |
| States, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER TO COMPLY WITH FILING DEADLINES

On May 7, 2026, the Court partially granted Petitioner Franyer Fernandez Sira's "Petition for Writ of Habeas Corpus" (ECF No. 1).[1] The Court ordered Respondents to comply with the following deadlines:

1) By May 14, 2026, either (A) provide Petitioner with a bond hearing before an Immigration Judge, at which the Government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk justifying Petitioner's continued detention; or (B) release Petitioner from custody under reasonable conditions of supervision.

---

[1] *See* Order, ECF No. 8, at 11–12.

2) By <u>May 18, 2026</u>, file an advisory with the Court containing (A) detailed reasons for the bond hearing decision; or (B) confirmation of Petitioner's release.[2]

Respondents have not complied with their deadline to file an advisory. Indeed, nothing has been filed on the public docket since the Court's May 7, 2026 Order. Resultingly, the Court cannot discern whether Petitioner has been provided the habeas relief to which he is entitled.

Accordingly, the Court **ORDERS** Respondents to **FILE** an advisory with the Court **<u>no later than June 1, 2026</u>**, addressing:

1) whether they have (A) provided Petitioner with a bond hearing before an Immigration Judge, at which the Government bore the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk justifying Petitioner's continued detention; or (B) released Petitioner from custody under reasonable conditions of supervision; and

2) the reason(s) for their failure(s) to abide by the Court's deadlines.

The Court further **ORDERS** that if Respondents have not yet (A) provided Petitioner with a bond hearing or (B) released Petitioner from custody, they **SHALL IMMEDIATELY RELEASE** Petitioner from custody under <u>reasonable conditions of supervision</u>, with <u>his belongings returned to him</u>, and with <u>immediate notice to Petitioner's counsel</u>.

**So ORDERED and SIGNED this 29th day of May 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[2] *Id.*